**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:19-CR-126-TLS-JPK |
| | ) | |
| OMARR WILLIAMS, *et al.*, | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter is before the Court on a Writ of Quo Warranto [DE 23], a Notice of Plea of

Nolo Contendere [DE 25], an Affidavit of Truth in Support of Motion to Demand Speedy Trial

[DE 26], a Motion to Proceed in Propria Persona [DE 27], and an Affidavit of Truth [and] Notice

of Right to Subrogation [DE 28], filed by Defendant Omarr Williams on November 4 and 5, 2019.

The government did not respond to these filings, and the deadline to do so has passed. The Court

addresses each filing in turn, below.

### A. Writ of Quo Warranto

In his Writ of Quo Warranto, Defendant requests that the Court provide proof of its

authority to preside over these proceedings "other than an ancient corporate charter/Article of

Confederation to wit;[]The Constitution of the[]United States." (Writ 1, ECF No. 23). Defendant

further requests that the Court provide "the [applicability] and describe [his] legal status in

detail." *Id.* These requests appear tied to a continuation of Defendant's repeated assertion that he

is a Moorish sovereign citizen not subject to the jurisdiction of the United States federal

government or this Court.

"Quo warranto is an ancient and extraordinary remedy used to correct the 'usurpation, mis-

user, or non-user, of a public officer or corporate franchise.'" *Griffin v. Wisconsin State Gov't*

*Accountability Bd.*, No. 10-MC-16, 2010 WL 1734887, at *1 (E.D. Wis. Apr. 28, 2010) (quoting

*United States ex rel. Wisconsin v. First Federal Savings & Loan Association*, 248 F.2d 804, 807

(7th Cir. 1957)). "Today, private parties can bring an action in *quo warranto*, but only by leave of

court, and the decision to grant or deny a petition for leave to file a *quo warranto* action is a matter

within the trial court's discretion." *Swan v. Bd. of Educ. of City of Chicago*, 956 F. Supp. 2d 913,

922 n.3 (N.D. Ill. 2013) (citing *People ex rel. Hansen v. Phelan*, 158 Ill. 2d 445, 449-50 (1994)).

Defendant failed to seek leave to file his writ, and the writ itself fails to provide the Court with any

basis upon which to grant Defendant leave to file it.

As to Defendant's second request, a Writ of Quo Warranto is not an appropriate means

through which to seek additional explanation as to the applicability of the United States

Constitution or other laws to these proceedings. Moreover, the Court has already spent significant

time explaining the applicability of the relevant law to these proceedings, as well as Defendant's

status as an individual charged by way of a criminal Complaint and Indictment. The Seventh

Circuit Court of Appeals has repeatedly and conclusively held that a defendant's claim to be a

"sovereign citizen" outside the jurisdiction of the United States federal government has "no

conceivable validity in American law." *United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir.

1990); *see United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) (collecting cases that reject

such arguments as frivolous). As stated by another court: "as much as defendant might wish it

were otherwise, the charges against him are serious and the indictment is valid. As much as

defendant may wish it were otherwise, he is a citizen of the United States, subject to the jurisdiction

of this court." *United States v. Kriemelmeyer*, No. 07-CR-052-C-01, 2007 WL 5479293, at *2

(W.D. Wis. July 26, 2007). Defendant's Writ of Quo Warranto is denied.

**B. Notice of Plea of Nolo Contendere**

Defendant's Notice of Plea of Nolo Contendere covers several topics. First, Defendant asserts that he is entering a plea of *nolo contendere*. (Notice of Plea 1, ECF No. 25). On November 6, 2019, Defendant appeared in court for his arraignment. At an arraignment, "[a] defendant may plead not guilty, guilty, or (with the court's consent) nolo contendere." Fed. R. Crim. P. 11(a)(1). During his arraignment, Defendant confusingly sought to enter a plea of *nolo contendere* while simultaneously demanding a trial. This signified to the Court that Defendant failed to understand the effect of this action, and the Court thus entered a plea of not guilty on Defendant's behalf, over his objections.

"Although it is said that a plea of nolo contendere means literally 'I do not contest it,' and is a mere statement of unwillingness to contest and no more, it does admit every essential element of the offense (that is) well pleaded in the charge." *Lott v. United States*, 367 U.S. 421, 426 (1961) (internal quotation marks and citations omitted). A plea of *nolo contendere* is thus "tantamount to an admission of guilt for the purposes of the case, and nothing is left but to render judgment, for the obvious reason that in the face of the plea no issue of fact exists, and none can be made while the plea remains of record." *Id*. (internal quotation marks and citations omitted). Accordingly, if the Court were to accept Defendant's plea of *nolo contendere* his case could proceed to sentencing without trial. As Defendant has adamantly repeated his demand for a jury trial, the Court must assume that Defendant fails to appreciate the consequences of a plea of *nolo contendere*. Defendant's request to enter a plea of *nolo contendere* is thus denied. His plea of not guilty remains.

Second, Defendant declares his right to a speedy trial, and asserts that there will be no continuances "by any agreement." (Notice of Plea 1-2, ECF No. 25). Defendant is entitled to a

speedy trial pursuant to the Speedy Trial Act of 1974, 18 U.S.C. §§ 3161-3174, and the United States Constitution, U.S. Const. Amend. VI; no declaration is needed for this right to be bestowed upon him. Defendant further has the right to oppose a government request for a continuance. Nonetheless, the Court notes that, pursuant to 18 U.S.C. § 3161, certain delays are excludable under the Speedy Trial Act regardless of Defendant's opposition to the delay itself or its subsequent exclusion.

Third, Defendant reaffirms that he does not want standby counsel. (Notice of Plea 1-2, ECF No. 25). "The appointment of standby counsel is a well-recognized safeguard when a defendant elects to proceed *pro se* and one that should be employed on a regular basis." *United States v. Moya-Gomez*, 860 F.2d 706, 740-41 (7th Cir. 1988) (citing *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975)). Standby counsel may be appointed over a defendant's objections, "to aid the accused if and when the accused requests help, and to be available to represent the accused in the event that termination of the defendant's self-representation is necessary." *Faretta*, 422 U.S. at 834 n.46. Finally, a court "may terminate self-representation by a defendant who deliberately engages in serious and obstructionist misconduct." *Id.* The Court previously determined that standby counsel was necessary for Defendant in this matter, and the Court sees no reason to reverse that decision now. To the extent Defendant's declaration was a request that the Court withdraw the appearance of his standby counsel, the request is denied.

### C. Affidavit of Truth in Support of Motion to Demand Speedy Trial

In his Affidavit of Truth in Support of Motion to Demand Speedy Trial, Defendant demands a trial by a jury of his peers, which he defines as "natural souls of [his] descent [and] origin." (Aff. Speedy Trial 1-2, ECF No. 26). "The Sixth Amendment secures to criminal defendants the right to be tried by an impartial jury drawn from sources reflecting a fair cross

section of the community." *Berghuis v. Smith*, 559 U.S. 314, 319 (2010) (citing *Taylor v. Louisiana*, 419 U.S. 522 (1975)). Nonetheless, "[t]he Sixth Amendment requirement of a fair cross section on the venire is a means of assuring, not a *representative* jury (which the Constitution does not demand), but an *impartial* one (which it does)." *Holland v. Illinois*, 493 U.S. 474, 480 (1990) (holding that a defendant of one race has standing to raise a Sixth Amendment challenge to the exclusion of individuals of another race from his jury, and noting that this rule aligns with the goal of *Batson v. Kentucky*, 476 U.S. 79 (1986) in "assuring the selection of a qualified and unbiased jury"). While Defendant is entitled to a trial by an impartial jury drawn from sources reflecting a fair cross section of the community, this is an issue related to the empanelment of potential jurors (venire) and jury selection and it is thus premature to address such a request at this stage of the litigation. Accordingly, to the extent Defendant makes a demand related to the composition of the potential jury at his pending trial, this request is denied without prejudice.

### D. Motion to Proceed in Propria Persona

Paragraphs 1-3, 5-7, 9, and 12 of Defendant's Motion to Proceed in Propria Persona contain various declarations with no accompanying requests for relief, and the Court thus declines to address them. (Mot. ¶¶ 1-3, 5-7, 9, 12, ECF No. 27). In paragraph 4, Defendant states that he does not consent to orders issued by this Court. *Id.* at ¶ 4. As explained above, the Court has jurisdiction over these proceedings and Defendant. Defendant's declaration that he does not consent to the Court's orders is meaningless, and the Court affirms that Defendant is required to abide by the Court's orders. In paragraph 8, Defendant declares that his standby counsel is terminated. *Id.* at ¶ 8. For the reasons explained above, Defendant's request that standby counsel be withdrawn is denied.

In paragraph 10, Defendant states that a court-ordered mental competency hearing is a violation of his rights and protections guaranteed by the United States Constitution. *Id.* at ¶ 10. As explained in the Court's November 6, 2019 Order, a court may order a hearing to determine the mental competency of a defendant "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." (Order 1, ECF No. 30 (quoting 18 U.S.C. § 4241(a))).

In paragraph 11, Defendant asserts that the undersigned is in violation of several provisions of the Code of Conduct for United States Judges. (Mot. ¶ 11, ECF No. 27). Defendant fails to provide details as to the specific conduct he believes to have been violative, therefore the Court is unable to address these allegations. To the extent Defendant feels he has not been afforded the opportunity to be heard, the Court has given him multiple chances to appear in court and speak for himself. Despite this, Defendant has repeatedly refused to voluntarily appear in court and has threatened to fight the United States Marshals if they attempt to bring him into the courtroom involuntarily.

In paragraph 13, Defendant once again attempts to plead *nolo contendere*. *Id.* at ¶ 13. For the reasons explained above, Defendant's request to enter such a plea is denied. Finally, in paragraphs 14-15, Defendant demands "all [his] remedies in the case," and states that he has "first hand [sic] knowledge . . . that administrative remedies are available." *Id.* at ¶¶ 14-15. It is unclear to what remedies Defendant refers, and the Court is thus unable to address this request.

### E. Affidavit of Truth [and] Notice of Right to Subrogation

In his Affidavit of Truth [and] Notice of Right to Subrogation, Defendant asserts that the Court lacks subject matter jurisdiction and personal jurisdiction. (Aff. Subrogation 1, ECF No. 28).

As explained above, the Seventh Circuit Court of Appeals has repeatedly and conclusively held that a defendant's claim to be a "sovereign citizen" outside the jurisdiction of the United States federal government has "no conceivable validity in American law." *Schneider*, 910 F.2d at 1570; *see Benabe*, 654 F.3d at 767 (collecting cases that reject such arguments as frivolous). Once again, Defendant may wish it were not so, but he is a United States citizen subject to the jurisdiction of this Court. His repeated declarations to the contrary are unavailing. To the extent Defendant intends this filing to be a motion pursuant to Federal Rule of Criminal Procedure 12(b)(2) presenting an argument that the Court lacks jurisdiction, it is denied.

Defendant further declares that an administrative remedy is available in these proceedings. (Aff. Subrogation 2, ECF No. 28). As with his previous assertion regarding administrative remedies, Defendant's meaning is unclear to the Court. The Court is therefore unable to address this statement further.

**CONCLUSION**

Accordingly:

1. The Writ of Quo Warranto [DE 23] is **DENIED**;

2. To the extent it represents a request to enter a plea of *nolo contendere* and to have the appearance of standby counsel withdrawn, the Notice of Plea of Nolo Contendere [DE 25] is **DENIED**;

3. To the extent it represents a request for rights already afforded to Defendant and/or related to the composition of a potential jury, the Affidavit of Truth in Support of Motion to Demand Speedy Trial [DE 26] is **DENIED without prejudice** with leave to refile at the appropriate stage of litigation;

4. To the extent it represents a request to enter a plea of *nolo contendere* and to have the appearance of standby counsel withdrawn, the Motion to Proceed in Propria Persona [DE 27] is **DENIED**;

5. To the extent it represents a motion pursuant to Federal Rule of Criminal Procedure 12(b)(2), the Affidavit of Truth [and] Notice of Right to Subrogation [DE 28] is **DENIED**.

The above filings restate several arguments already addressed by the Court on multiple occasions, during which the Court explained such arguments to be frivolous and unavailing. Defendant's repeated attempts to revisit previously decided issues impedes the Court's ability to address other matters deserving of its attention and time. Defendant is hereby **WARNED** that if he continues to file motions arguing previously ruled-upon issues, with the exception of permissible filings such as motions for reconsideration and appeals, the Court will impose a filing restriction. Finally, the Court **AFFIRMS** that Defendant is required to abide by the Court's orders.

So ORDERED this 12th day of December, 2019.

s/ Joshua P. Kolar
MAGISTRATE JUDGE JOSHUA P. KOLAR
UNITED STATES DISTRICT COURT

cc:     Defendant, *pro se*
        United States Marshals Service